FILED IN CLERK'S OFFICE

APR 2 1 2011

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

GLEN STEWART, DARSHANPRIT §
DHILLON, JOHN KRAKOWSKI, and §
SALLY YOUNG individually and on behalf §
of those similarly situated, §
§  Civil Action No. 3:10-cv-2275-P
§  (pending in the Northern District
Plaintiffs, §  of Texas)
§
v. §
§
AIR LINE PILOTS ASSOCIATION, §  **1 11 MI-0028**
INTERNATIONAL, ALLIED PILOTS §
ASSOCIATION, AMERICAN AIRLINES, §
INC., and AMERICAN EAGLE AIRLINES, §
INC., §
§
Defendants. §

## MEMORANDUM IN SUPPORT OF MOTION OF
## AIR LINE PILOTS ASSOCIATION, INTERNATIONAL
## FOR AN ORDER COMPELLING THEODORE CASE
## TO COMPLY WITH SUBPOENA *DUCES TECUM*

Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B)(i) and Local Rule 37.1,

Defendant Air Line Pilots Association, International ("ALPA"), moves to compel Theodore Case

to comply with the subpoena *duces tecum* served on March 17, 2011. Mr. Case's contention that

service was not effective is erroneous. Because Mr. Case continues to refuse to comply with the

subpoena, an order compelling compliance is warranted.

### BACKGROUND

A.    **The Underlying *Stewart* Litigation**

Plaintiffs in the underlying case seek to vacate two arbitration awards issued by

Arbitrator George Nicolau in Grievance FLO-0108. Those awards (issued on October 18, 2009

and April 9, 2010) concerned the Flow-Through Agreement between American Eagle Airlines,

Inc. ("Eagle"), American Airlines, Inc. ("American"), the Air Line Pilots Association,

International ("ALPA," which represents the pilots at Eagle), and the Allied Pilots Association ("APA," which represents the pilots at American). Lobsenz Dec. ¶ 2 and Ex. 1. Two related decisions had been issued previously by Arbitrator John LaRocco in Grievance FLO-0903. *Id.* ¶ 3.

Plaintiffs' filed suit against Eagle, American, ALPA and APA in United States District Court for the Middle District of Tennessee to vacate the Nicolau awards. They alleged that Defendants violated Section 153, First (j) of the Railway Labor Act, 45 U.S.C. § 153, First (j), by failing to provide Plaintiffs with notice of Grievance FLO-0108. *Id.* ¶ 2 and Ex. 1. On November 3, 2010, the district court in Tennessee ordered this action transferred to the Northern District of Texas. *Id.* ¶ 4.

Pursuant to an order entered by the district court in Texas, a 90-day discovery period commenced on January 24, 2011. *Id.* and Ex. 2.

**B.   The Subpoena *Duces Tecum* to Theodore Case**

The Subpoena *duces tecum* ("Subpoena") at issue in the present motion requires Theodore Case to produce the following documents (*id.* ¶ 8 and Ex. 6):

> For the period November 26, 2003 through May 21, 2010. . .:
>
> 1.   All communications from you to any of the Plaintiffs concerning the Flow-Through Agreement, Arbitrator Nicolau, Arbitrator LaRocco, Grievance FLO-0108, or Grievance FLO-0903.
>
> 2.   All communications to you from any of the Plaintiffs concerning the Flow-Through Agreement, Arbitrator Nicolau, Arbitrator LaRocco, Grievance FLO-0108, or Grievance FLO-0903.

On March 22, 2011, ALPA attorney James Lobsenz received the following attached letter, via email, from Mr. Case regarding the Subpoena (*id.* ¶ 9 and Ex. 7):

> Dear Mr. Lobsenz:

On March 8, 2011, a process server showed up at my house with a subpoena directed to me which you signed.

I was not at home, but the process server attempted to serve my wife. . . .

. . . . After a long ordeal that ultimately involved the police, the process server finally left, but not before "throwing" the subpoena on the hood of my daughter's car parked outside my house.

I don't know what your process server has told you, but I am writing to you to let you know that *I was not served, and will not be complying with your subpoena.* As a non-party, non-officer to this litigation I object to your request. . . .

## C.   Service of ALPA's Subpoena *Duces Tecum* on Mr. Case

On information and belief, Theodore Case is an airline pilot employed by American. It is evident that Mr. Case has been, and may continue to be, involved jointly with Plaintiff Sally Young and others in the effort to overturn the arbitration awards underlying this action. This involvement is evident, *inter alia*, from a letter the American Independent Cockpit Alliance, Inc. ("AICA") to its members stating that "Ted Case and Sally Young have already initiated an action to accomplish the vacating of the Nicolau decision" and multiple emails between Chuck Long (President of AICA), Mr. Case and Ms. Young that discuss the Nicolau decision and the planning for filing the instant lawsuit. *Id.* ¶¶ 5-6 and Exs. 3-4.

In light of Mr. Case's documented involvement in the same effort as Plaintiffs to vacate the Nicolau awards and his related communications with at least one Plaintiff, ALPA issued the Subpoena to Mr. Case. ALPA's initial attempts to serve an earlier version of the Subpoena (with an earlier return date) failed. Between February 26 and March 13, Process Server Tim Quinn tried seven times to serve Mr. Case, noting that Mr. Case was "avoiding service" in that he was "at [h]ome but refusing to come to door." *Id.* ¶ 7 and Ex. 5.

ALPA then issued the revised Subpoena at issue here. Following extensive efforts, Private Investigator April D. Webb served Mr. Case's wife (April Case) with the Subpoena on

3

March 17, 2011, at the Case's residence: 2463 Waterscape Trail, Snellville, GA 30078. *Id.* ¶ 8 and Ex. 6. Specifically, after Mrs. Case's repeated refusal to take physical delivery of the Subpoena and the ensuing mediation of an officer from the Gwinnett County Police Department, the Private Investigator placed the Subpoena on the roof of a car parked in the Case's driveway, in clear view of Mrs. Case, and informed her that she had been served. Lobsenz Dec. Ex. 6.

On April 5, 2011 (following receipt of Mr. Case's email and letter of March 22, *see supra* at 2-3), ALPA attorney Lobsenz emailed Mr. Case, advising that he had, in fact, been served and was therefore required to comply with the Subpoena. Lobsenz Dec. ¶ 10 and Ex. 8. Mr. Lobsenz further advised Mr. Case that ALPA was extending the deadline for compliance with the Subpoena to April 15, 2011. Finally, Mr. Lobsenz notified Mr. Case that ALPA would move to compel compliance with the Subpoena if necessary. Lobsenz Dec. Ex. 8.

As of this date, Mr. Case has neither complied with the Subpoena nor responded to Mr. Lobsenz's letter. Lobsenz Dec. ¶ 10.

## ARGUMENT

### The Court Should Order Mr. Case to Comply with the Subpoena *Duces Tecum* Within Ten Days of Its Order.

#### A.   Mr. Case Was Served with the Subpoena *Duces Tecum*.

Mr. Case asserts that he does not have to comply with the Subpoena because he was not served with it. However, the Subpoena was served on Mr. Case's wife on March 17, 2011. It is undisputed that Mr. Case actually received the Subpoena; otherwise, he would not have been able to issue his "objection" to the Subpoena on the basis of his being a non-party, and he would not have known how to contact Mr. Lobsenz (whose name and email address were on the Subpoena).

4

This service fully comports with Rule 45. The entire purpose of the rules of service is to ensure that the party receives notice of the subpoena. Here, Mr. Case actually received the Subpoena.

Mr. Case's objection based on the service on his wife has no merit. *See In re Falcon Air Express, Inc.*, No. 06-11877-BKC-AJC, 2008 WL 2038799 (Bankr. S.D. Fla. May 8, 2008) ("*Falcon Air Express*") (filed herewith as part of Lobsenz Dec. Ex. 8). In *Falcon Air Express*, service of a subpoena *duces tecum* intended for a nonparty was made on the witness's wife at their residence, and the witness subsequently objected in writing, claiming that only personal service would satisfy Rule 45. *Id.* at *1. The court rejected the position "that personal service [on a nonparty] is required for the subpoena to be effective." *Id.* at *4. The court held that where "the subpoena was served on [the witness's] wife at a residence owned by [the witness] . . . the substitute service was reasonably calculated to insure receipt of the subpoena by the witness, as evidenced by the fact that [the witness] both timely received the subpoena from his wife, and was able to file a timely motion to quash the subpoena." *Id.*

The dispositive facts in *Falcon Air Express* are identical to the facts in this case. There, as here, substitute service was made on the witness's wife at the witness's residence. There, as here, the witness subsequently acknowledged notice of the subpoena by responding with a written objection claiming defective service. *See also Codington v. Anheuser-Busch, Inc.*, No. 98-2417-CIV-T-26F, 1999 WL 1043861, at *2 (M.D. Fla. Oct. 15, 1999) ("[I]t is undisputed that the [witness] received actual notice of the subpoena, as evidenced by the [witness's] timely objection to the subpoena.").

In reasoning that Rule 45 permitted substitute service on the witness's wife, *Falcon Air Express* also distinguished the decision in *Harrison v. Prather*, 404 F.2d 267 (5th Cir. 1968), as

well as the one of its progeny, *Klockner Namaso Holdings Corp. v. Daily Access.com*, 211 F.R.D. 685 (N.D. Ga. 2002). Specifically, the court reasoned that, although *Klockner* also involved service on a nonparty's wife, "the holding in *Klockner* appears to predominantly rely on the rationale of the *Harrison* court, which, as stated, simply holds that service on a party's counsel does not conform with proper service under Rule 45." *Falcon Air Express*, 2008 WL 2038799, at \*4. "Neither the *Klockner*, nor *Harrison* decisions provide any form of analysis or reasonable basis for the position" that "personal service [on a nonparty] is required for the subpoena to be effective." *Id.*

Here, after extensive and expensive efforts, Mr. Case clearly was served. Notwithstanding his obligations under Rule 45, he has stated that he has no intention of complying with ALPA's Subpoena, and he failed to respond to Mr. Lobsenz's April 5 follow-up letter. In the face of Mr. Case's recalcitrance and overall non-responsiveness, ALPA has no alternative except to file this motion to compel compliance. *See* Fed. R. Civ. P. 45(c)(2)(B)(i) ("At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.").

### B.   Mr. Case's Objection Is Baseless.

Mr. Case objected to the Subpoena on the ground that he is a "non-party, non-officer to this litigation[.]" However, Rule 45 expressly authorizes subpoenae *duces tecum* to be issued to such third parties. The Subpoena here is quite narrow and addresses notice issues presented in the underlying *Stewart* litigation. *Supra* at 2. Accordingly, Mr. Case has a duty to comply with the Subpoena.

6

## CONCLUSION

For all of the foregoing reasons, ALPA respectfully requests that this Court order Theodore Case to comply with the Subpoena within ten days of the issuance of the Court's Order.

Respectfully submitted,

Norman J. Slawsky
GA Bar No. 652225
Jacobs & Slawsky, P.A.
315 W. Ponce de Leon Ave.
Suite 850
Decatur, GA 30030
(404) 378-1711 ext. 221
(404) 377-6101 fax
nslawsky@gmail.com

Marcus C. Migliore (not admitted in N.D.Ga.)
D.C. Bar No. 411674
James K. Lobsenz (not admitted in N.D. Ga.)
D.C. Bar No. 432654
Matthew Babcock (not admitted in N.D. Ga.)
D.C. Bar No. 488107
AIR LINE PILOTS ASSOCIATION, INT'L
1625 Massachusetts Avenue, NW
Washington, D.C. 20036
(202) 797-4054
(202) 797-4014
marcus.migliore@alpa.org
jim.lobsenz@alpa.org
matthew.babcock@alpa.org

*Counsel for Defendant*
*Air Line Pilots Association, International*

7